IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRELL DAVRON ANDERSON, #306278 *
        Petitioner
    v. * CIVIL ACTION NO. AMD-05-2126

STATE OF MARYLAND, et al. *
        Respondents
******

MEMORANDUM

On August 4, 2005, this court received a 28 U.S.C. § 2254 petition for writ of habeas corpus. The petition is not a model of clarity. It does not appear that petitioner is asserting a direct attack on his state court drug convictions. Rather, he is merely seeking to compel the state court to rule on post-conviction documents filed in February 2003. Paper No. 1. He alleges that the "post-conviction court has violated the constitutional demand and can't render judgment to allegations of error brought upon post-conviction." *Id*. Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted. The petition, however, shall be dismissed without requiring an answer from the respondents.

To the extent that petitioner asks this court to compel the state courts to rule on his post-conviction papers, his petition is hereby construed as a petition for mandamus relief. Under 28 U.S.C. § 1361 federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this court has no mandamus jurisdiction over state court judges. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969). Therefore, petitioner's request for mandamus relief shall be dismissed.

Insofar as petitioner may be seeking § 2254 relief with regard to the "negligent" actions or inactions of the state post-conviction court, the petition fares no better. Such claims implicate the

threshold issue of this court's subject matter jurisdiction under 28 U.S.C. § 2254. Infirmities in state post-conviction proceedings cannot serve as basis for federal habeas corpus relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Moreover, it would seem that the underlying convictions at issue involve petitioner's April 2001 convictions for drug possession and distribution. Petitioner has previously raised a habeas attack on these convictions in *Anderson v. Sowers*, Civil Action No. AMD-03-2973 (D. Md. 2003). On March 18, 2004, this court denied the § 2254 petition on the merits. The Fourth Circuit denied a certificate of appealability and dismissed the appeal on June 21, 2004. The instant petition is plainly a successive matter which this court cannot review without authorization from the Fourth Circuit under 28 U.S.C. §2244(b)(3)(A). *See* 28 U.S.C. § 2244(b)(3)(A); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

For the foregoing reasons, the instant petition shall be dismissed without requiring an answer from respondents. A separate Order follows.

Filed: August 9, 2005                          /s/
                                              Andre M. Davis
                                              United States District Judge